UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENNIS DARRAH,

      Plaintiff,

v.                                    Case No:  2:26-cv-711-JES-DNF

WAL-MART STORES EAST, LP and
JOHN DOE,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Leave to Amend Complaint and Add Party (Doc. #17) and Motion for Remand (Doc. #18) both filed on April 1, 2026.  Defendant Wal-Mart Stores East, LP filed a Response (Doc. #21) to both motions on April 22, 2026.   Plaintiff seeks to name Eduardo Rodriguez (Rodriguez) as a defendant in lieu of the current John Doe and then remand the case to state court because Rodriguez is a non-diverse citizen of Florida.  For the reasons set forth below, both motions are granted.

**I.**

The Complaint (Doc. #1-1) alleges that defendant Wal-Mart Stores East L.P. (Wal-Mart) owned, operated, and maintained a gas service station located at 1951 W. Hickpochee Avenue, LaBelle,

Florida.  John Doe is alleged to be the Wal-Mart employee (manager) in charge who operated, managed, and/or maintained the gas and service station at the premises.  On or about August 25, 2025, plaintiff Dennis Darrah (Plaintiff or Darrah), a business invitee, visited the Wal-Mart when he suddenly slipped and fell due a slippery, greasy stain accumulation on the flooring at or near the gas pump area.  As a result of the fall, Plaintiff sustained permanent and severe bodily injury.

In Count I, plaintiff alleges negligence by Wal-Mart. Plaintiff alleges Wal-Mart had a duty to provide "a reasonably safe environment, including, and but not limited to, maintaining the Premises" and a duty to warn persons such as himself of a dangerous condition.  Count I alleges that Wal-Mart breached these duties by committing one or more of a list of 20 acts.  (Doc. #1-1, ¶ 17(a)-(t).)

In Count II, plaintiff alleges that John Doe managed and/or operated the gas station, was the employee assigned to the gas station, was in charge of daily operations, and was directly responsible for and in control of maintaining, inspecting, and repairing it.  Plaintiff alleges that John Doe had a duty to provide a reasonably safe environment, including maintaining the premises so that the ground was not worn, slippery, greasy, and

otherwise in a dangerous and defective condition.  Count II alleges that Doe breached his duties by committing one or more of a list of 21 acts, (Doc. #1-1, ¶ 27(a)-(u)), which mirror the acts alleged against Wal-Mart.

On March 12, 2026, Wal-Mart removed the case to federal court. Wal-Mart asserted there is diversity of citizenship jurisdiction because the Initial Disclosures show past medical bills totaling $130,032.30 and because John Doe is fraudulently joined and/or a fictitious party who may be ignored for jurisdictional purposes. (Doc. #1.)

Plaintiff now seeks to do two things: First, add Rodriguez as a defendant in lieu of John Doe.  Second, to remand the case to state court because Rodriguez is (and John Doe was) a properly named defendant whose presence defeats diversity jurisdiction. Plaintiff also relies upon the forum defendant rule.  (Doc. #18, pp. 2, 4-5.)  Wal-Mart responds that Rodriguez's citizenship must be disregarded because he is fraudulently joined and that the forum defendant rule does not apply.  (Doc. #21, pp. 2, 5-6.)

## II.

### A.  Fraudulent Joinder Standard

"Federal  courts  are  courts  of  limited  jurisdiction.  A defendant's  right  to  remove  an  action  against  it  from  state  to

3

federal court is created and defined by statute, and removal statutes are strictly construed." King v. Gov't Emps. Ins. Co., 579 F. App'x 796, 800 (11th Cir. 2014) (citing Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).  As relevant to this case, to establish fraudulent joinder "the removing party has the burden of proving by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant…." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)).  "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted).

    "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. [] In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and

4

resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (internal citation omitted).

### B. Application of Fraudulent Joinder Standard

Wal-Mart argues that Plaintiff cannot show personal liability by Rodriguez under Florida law. "The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. [] However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (internal citations omitted). See also Navarro v. Borges, 388 So. 3d 1044, 1047 (Fla. 3d DCA 2024) (allegations of "mere passive negligence" are insufficient); Cannon v. Fournier, 57 So. 3d 875, 881–82 (Fla. 2d DCA 2011) (acts of only member of a limited liability company can only be done through the member). A manager cannot be personally liable for "general administrative responsibility", they must be "actively negligent." White, 918 So. 2d at 358. The undersigned has applied these principles in Wal-Mart cases at least twice

before. Smothers v. Wal-Mart Stores E., LP, 2025 WL 858258, at *1 (M.D. Fla. Mar. 19, 2025); Laposa v. Walmart Stores E. LP, 2020 WL 2301446 (M.D. Fla. May 8, 2020).

The original state-court Complaint alleges that John Doe: "managed and/or operated the aforementioned gas station"; "was the employee assigned to the subject gas station, and in charge of the daily operations, directly responsible for, and in control of ensuring that the Premises is maintained, inspected, and repaired in a safe manner"; and "was directly responsible for, and in control of executing [Wal-Mart's] policies and procedures such as timely inspecting, maintaining, and making repairs at the subject gas station." (Doc. #1-1, ¶¶ 22-24.) The Complaint then alleges that John Doe had "a duty to Plaintiff" "to provide a reasonably safe environment" and a duty to warn of dangerous conditions or to correct such conditions. (Id. at ¶¶ 25-26.) Additionally, the Complaint alleges that John Doe breached his duties by committing a lengthy list of acts or omissions:

> a) Negligently failing to maintain or adequately maintain the Premises, in keeping its premises free from a foreign substance and thus creating a hazardous condition to customers of the Defendant utilizing said Premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently creating and/or allowing a hazardous condition to exist on its Premises which was reasonably foreseeable to cause injury to Plaintiff;

c) Negligently creating a hazardous and dangerous condition, to wit, by causing, allowing or permitting grease, oil and other slippery substances to be, become and remain on the ground when Defendant knew or should have known of their dangerous condition, and failed to remedy same;

d) Negligently creating and/or allowing grease and oil to accumulate on the ground;

e) Negligently creating a hazardous and dangerous condition, to wit, by failing to use slip-resistant material(s) on the surface of the subject entrance/exit, thereby creating a dangerous condition for Plaintiff;

f) Negligently failing to install, maintain and provide a safe walking surface at the aforementioned Premises;

g) Negligently failing to maintain or adequately maintain the Premises in a reasonably safe condition, to wit, by not using sufficient additives or abrasives on the ground surface to prevent them from being slippery;

h) Negligently failing to use the appropriate slip-resistant paint on the surfaces of the aforementioned premises;

i) Negligently creating, causing, suffering and perm1ttmg the floors at the subject Premises to be, become and remain in a greasy and/or otherwise slippery condition and allowing and permitting same to exist and remain for an unreasonable period of time prior to the incident complained of herein;

j) Negligently causing, suffering and permitting the surfaces at the subject Premises to accumulate grease and oil stains, damaged and otherwise defective condition, and allowing and permitting the same to exist and remain for an unreasonable period of time prior to the incident complained of herein;

k) Negligently failing to provide a safe means to traverse at the Premises;

l) Negligently failing to inspect or adequately inspect the Premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;

m) Negligently failing to properly construct, design, maintain, repair or adequately maintain the Premises to prevent Plaintiff from encountering a hazardous condition;

n) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;

o) Negligently failing to correct or adequately correct the unreasonably dangerous and slippery condition of the premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

p) Negligently failing to inspect or adequately warn the Plaintiff of the danger associated with the unreasonably dangerous condition of the Premises, when Defendant knew or through the exercise of reasonable care should have known that said ground was unreasonably dangerous and that Plaintiff was unaware of same;

q) Negligently failing to barricade, restrict, or otherwise prevent persons such as Plaintiff

8

from encountering the hazardous condition on the Premises;

r) Negligently failing to follow policies and procedures that require him to frequently conduct inspections of the Premises;

s) Negligently failing to implement appropriate and reasonable safety protocols and procedures to prevent injury to business invitees such as Plaintiff;

t) Negligently failing to warn of one or more of the above-referenced dangerous conditions that existed at the time of the Plaintiff's incident about which Defendant had, or should have had knowledge greater than that of Plaintiff; and

u) Was otherwise negligent in the ownership, construction, design, care, maintenance and/or repair of the Premises, so as to cause the Plaintiff's injuries.

(Id. at ¶ 27.)  The list is the same as alleged against Wal-Mart, except for the addition of sub-paragraph "r" added for John Doe. The proposed Amended Complaint includes these same allegations as to Rodriguez.

The question becomes whether Wal-Mart has shown by clear and convincing evidence that there is no reasonable possibility that Rodriguez has individual liability under Florida law, i.e., that Rodriguez was "actively negligent." Consistent with its prior decisions in Smothers and Laposa, the Court finds Wal-Mart has not done so. As other judges have recognized, there are indeed reasons to believe John Doe may be fraudulently joined. Clarke v. Wal-

9

<u>Mart Stores E., LP</u>, No. 8:24-CV-1647-KKM-LSG, 2024 WL 4905429, at *3 (M.D. Fla. Nov. 27, 2024) (collecting cases with boilerplate language); <u>Henshaw v. Wal-Mart Stores E., LLC</u>, No. 6:23-CV-2388-GAP-RMN, 2024 WL 4803841, at *2 (M.D. Fla. Jan. 17, 2024) (finding that "generic, conclusory, and speculative allegations do not support" negligence by the individual); <u>Watts v. Wal-Mart Stores E., LP</u>, 656 F. Supp. 3d 1363, 1368 (S.D. Fla. 2023) (finding a failure to allege that the individual was even present at the store that day).  But clear and convincing is a significant burden, and the Court cannot say that the allegations in this case meet this standard by showing no reasonable possibility of liability.

The Court will allow the case to proceed on the amended complaint, which identifies a non-diverse party by name, and remand the case to state court.  28 U.S.C. § 1447(e).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Leave to Amend Complaint and Add Party (Doc. #17) is **GRANTED**.  The Clerk shall file the proposed Amended Complaint (Doc. #17-1) as the operative pleading in the case.

2. Plaintiff's Motion for Remand (Doc. #18) is **GRANTED**.  The Clerk is **directed** to remand the case to the Circuit Court

of the Twentieth Judicial Circuit, in and for Hendry County, Florida, Case 26000058CAAXMX, and to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is further directed to terminate all deadlines and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___8th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

11